Daniel Sadeh, Esq.
**HALPER SADEH LLP**
667 Madison Avenue, 5th Floor
New York, NY 10065
Telephone: (212) 763-0060
Facsimile: (646) 776-2600
Email: sadeh@halpersadeh.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRADLEY WASSER,<br><br>    Plaintiff,<br><br>    v.<br><br>COLUMBIA PROPERTY TRUST, INC., CONSTANCE B. MOORE, CARMEN M. BOWSER, JOHN L. DIXON, DAVID B. HENRY, MURRAY J. MCCABE, E. NELSON MILLS, MICHAEL S. ROBB, THOMAS G. WATTLES, and FINN WENTWORTH,<br><br>    Defendants. | Case No:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Plaintiff Bradley Wasser ("Plaintiff"), by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.    This is an action against Columbia Property Trust, Inc. ("Columbia" or the "Company") and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange

1

Act"), 15 U.S.C. §§ 78n(a) and 78t(a), and Rule 14a-9 promulgated thereunder by the SEC, 17 C.F.R. § 240.14a-9, in connection with the proposed acquisition (the "Proposed Transaction") of Columbia by funds managed by Pacific Investment Management Company LLC ("PIMCO").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 14(a) and 20(a) of the Exchange Act (15 U.S.C. §§ 78n(a) and 78t(a)) and Rule 14a-9 promulgated thereunder by the SEC (17 C.F.R. § 240.14a-9).

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as a substantial portion of the transactions and wrongs complained of herein had an effect in this District, the alleged misstatements entered and the subsequent damages occurred in this District, and the Company conducts business in New York City.

5. In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff is, and has been at all relevant times hereto, an owner of Columbia common stock.

7. Defendant Columbia owns, operates, and develops Class-A office buildings in New York, San Francisco, Washington D.C., and Boston. The Company is incorporated in

Maryland and its principal executive offices are located in New York, NY. The Company's common stock trades on the New York Stock Exchange under the ticker symbol, "CXP."

8. Defendant Constance B. Moore ("Moore") is Chair of the Board of the Company.

9. Defendant Carmen M. Bowser ("Bowser") is a director of the Company.

10. Defendant John L. Dixon ("Dixon") is a director of the Company.

11. Defendant David B. Henry ("Henry") is a director of the Company.

12. Defendant Murray J. McCabe ("McCabe") is a director of the Company.

13. Defendant E. Nelson Mills ("Mills") is a director of the Company.

14. Defendant Michael S. Robb ("Robb") is a director of the Company.

15. Defendant Thomas G. Wattles ("Wattles") is a director of the Company.

16. Defendant Finn Wentworth ("Wentworth") is a director of the Company.

17. Defendants Moore, Bowser, Dixon, Henry, McCabe, Mills, Robb, Wattles, and Wentworth are collectively referred to herein as the "Individual Defendants."

18. Defendants Columbia and the Individual Defendants are collectively referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A. The Proposed Transaction

19. On September 7, 2021, Columbia announced that it had entered into a definitive agreement to be acquired by PIMCO. Under the terms of the agreement, PIMCO will acquire all of the outstanding shares of Columbia common stock for $19.30 per share in cash. The press release announcing the Proposed Transaction states, in pertinent part:

**Columbia Property Trust to Be Acquired by Funds Managed by Pacific Investment Management Company LLC in a $3.9 Billion Transaction**

*Columbia Shareholders to Receive $19.30 Per Share in Cash*

3

*Columbia's Board of Directors Oversaw an Extensive Strategic Alternatives Process to Maximize Shareholder Value*

September 07, 2021 06:15 AM Eastern Daylight Time

NEW YORK & NEWPORT BEACH, Calif.--(BUSINESS WIRE)--Columbia Property Trust, Inc. (NYSE: CXP) today announced that it has entered into a definitive agreement to be acquired by funds managed by Pacific Investment Management Company LLC (collectively, "PIMCO"), one of the world's premier global investment management firms, for $3.9 billion including Columbia's proportionate share of consolidated and unconsolidated debt. Under the terms of the agreement, which has been unanimously approved by Columbia's Board of Directors, PIMCO will acquire all of the outstanding shares of Columbia common stock for $19.30 per share in cash. This represents a premium of approximately 27% over Columbia's unaffected closing share price on Friday, March 12, 2021. During this time period the high barrier office sector has traded down 5%.[1]

\*   \*   \*

The transaction is expected to close as early as year-end, subject to approval by Columbia's shareholders and the satisfaction of other customary closing conditions. Upon completion of the transaction, Columbia's common stock will no longer be listed on the New York Stock Exchange.

Columbia shareholders will be entitled to receive the previously announced third quarter dividend of $0.21 per share payable on September 15, 2021. Thereafter, Columbia will not pay additional quarterly dividends during the pendency of the transaction.

Due to the pending acquisition, Columbia will not be holding a conference call for its third quarter 2021 business results after it releases earnings information.

Morgan Stanley & Co. LLC is serving as lead financial advisor to Columbia and Wachtell, Lipton, Rosen & Katz is serving as legal advisor. Eastdil Secured LLC and J.P. Morgan are also acting as financial advisors to Columbia.

Goldman Sachs & Co. LLC is serving as lead financial advisor to PIMCO and Latham & Watkins LLP and Milbank LLP are serving as legal advisors. Deutsche Bank Securities Inc. is also acting as a financial advisor to PIMCO. Cushman & Wakefield is acting as a real estate consultant to PIMCO.

**About Columbia**

Columbia (NYSE: CXP) creates value through owning, operating, and developing storied properties for legendary companies in New York, San Francisco,

4

Washington D.C., and Boston. The Columbia team is deeply experienced in transactions, asset management and repositioning, leasing, development, and property management. It employs these competencies to grow value across its high-quality, well-leased office portfolio of 15 properties that contain more than six million rentable square feet, as well as four properties under development, and also has more than eight million square feet under management for private investors and third parties. Columbia has investment-grade ratings from both Moody's and S&P Global Ratings. For more information, please visit www.columbia.reit.

**About PIMCO**

PIMCO is one of the world's premier fixed income investment managers. With its launch in 1971 in Newport Beach, California, PIMCO introduced investors to a total return approach to fixed income investing. In the 50 years since, it has continued to bring innovation and expertise to its partnership with clients seeking the best investment solutions. Since launching its first opportunistic credit vehicles over 15 years ago, PIMCO has significantly expanded in alternative credit and private markets. The firm invests globally across commercial and residential real estate equity and credit, performing and distressed corporate credit, and specialty finance markets – actively managing investments across the capital structure. In 2020, PIMCO and Allianz Real Estate combined their commercial real estate platforms, making it one of the largest in the world. On a combined basis, PIMCO manages over $180 billion in commercial real estate assets globally. Today PIMCO has offices across the globe and professionals united by a single purpose: creating opportunities for investors in every environment. PIMCO is owned by Allianz S.E., a leading global diversified financial services provider.

20. On October 6, 2021, Defendants caused to be filed with the SEC a Schedule 14A Preliminary Proxy Statement (the "Proxy Statement") pursuant to Section 14(a) of the Exchange Act in connection with the Proposed Transaction.

**B. The Proxy Statement Contains Materially False and Misleading Statements and Omissions**

21. The Proxy Statement, which recommends that Columbia shareholders vote in favor of the Proposed Transaction, omits and/or misrepresents material information concerning: (i) Columbia's financial projections; and (ii) the financial analyses performed by Columbia's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley"), in connection with its fairness opinion.

22. The omission of the material information (referenced below) renders the following

5

sections of the Proxy Statement false and misleading, among others: (i) Reasons for the Mergers; (ii) Recommendation of the Board of Directors; (iii) Certain Unaudited Financial Projections; and (iv) Opinion of Our Financial Advisor.

23. Unless and until the material misstatements and omissions (referenced below) are remedied before the anticipated shareholder vote on the Proposed Transaction, Columbia shareholders will be forced to make a voting decision on the Proposed Transaction without full disclosure of all material information. In the event the Proposed Transaction is consummated, Plaintiff may seek to recover damages resulting from Defendants' misconduct.

### 1. Material Omissions Concerning Columbia's Financial Projections

24. The Proxy Statement omits material information concerning Columbia's financial projections.

25. With respect to the "Columbia Projections," the Proxy Statement fails to disclose: (1) all line items underlying (i) Property Cash NOI, (ii) Adjusted EBITDA, (iii) Normalized FFO per Share, (iv) AFFO per Share, and (v) Unlevered Free Cash Flow; (2) Columbia's net income projections; and (3) a reconciliation of all non-GAAP to GAAP metrics.

26. The disclosure of this information is material because it would provide the Company's shareholders with a basis to project the future financial performance of the Company and would allow shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion. Shareholders cannot hope to replicate management's inside view of the future prospects of the Company. Without such information, which is uniquely possessed by Defendant(s) and the Company's financial advisor, the Company's shareholders are unable to determine how much weight, if any, to place on the Company's financial advisor's fairness opinion in determining whether to vote for or against the Proposed Transaction.

27. When a company discloses non-GAAP financial metrics in a Proxy Statement that were relied upon by its board of directors in recommending that shareholders exercise their corporate suffrage rights in a particular manner, the company must also disclose, pursuant to SEC Regulation G, all projections and information necessary to make the non-GAAP metrics not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial metrics disclosed or released with the most comparable financial metrics calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.[1]

28. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

    **2. Material Omissions Concerning Morgan Stanley's Analyses**

29. In connection with the Proposed Transaction, the Proxy Statement omits material information concerning analyses performed by Morgan Stanley.

30. The Proxy Statement fails to disclose the following concerning Morgan Stanley's "*Research Analyst Price Targets and NAV Targets*" analysis: (1) the individual price targets and net asset value estimates observed by Morgan Stanley in its analysis; and (2) the sources thereof.

31. With respect to Morgan Stanley's "*Comparable Public Companies Analysis*," the Proxy Statement fails to disclose the individual multiples and financial metrics of each company

---

[1] Mary Jo White, *Keynote Address, International Corporate Governance Network Annual Conference: Focusing the Lens of Disclosure to Set the Path Forward on Board Diversity, Non-GAAP, and Sustainability* (June 27, 2016), https://www.sec.gov/news/speech/chair-white-icgn-speech.html (footnotes omitted) (last visited Oct. 17, 2021) ("And last month, the staff issued guidance addressing a number of troublesome practices which can make non-GAAP disclosures misleading: the lack of equal or greater prominence for GAAP measures; exclusion of normal, recurring cash operating expenses; individually tailored non-GAAP revenues; lack of consistency; cherry-picking; and the use of cash per share data. I strongly urge companies to carefully consider this guidance and revisit their approach to non-GAAP disclosures.").

Morgan Stanley observed in its analysis.

32. The Proxy Statement fails to disclose the following concerning Morgan Stanley's "*Net Asset Value Analysis*": (1) the estimated net asset value per share of common stock; (2) the individual inputs and assumptions underlying the application of a range of 5% above and below management's estimates of asset value for its operating real estate and 10% above and below management's estimates of asset value for its development in progress; (3) the estimated value of Columbia's cash, investment management and asset management platform and other tangible assets; (4) the debt and other liabilities of the Company; (5) the estimated costs required to consummate the Proposed Transaction; and (6) the number of fully diluted shares of the Company's common stock outstanding as of August 30, 2021.

33. The Proxy Statement fails to disclose the following concerning Morgan Stanley's "*Discounted Cash Flow Analysis*": (1) all line items underlying the Company's cash flow projections; (2) the individual inputs and assumptions underlying the (i) range of discount rates from 6.6% to 7.7%, and (ii) range of implied exit capitalization rates of 5.6% to 6.2%; (3) the terminal values of Columbia; (4) the Company's outstanding debt and non-controlling interests; (5) the Company's outstanding cash as of June 30, 2021; and (6) the number of fully diluted shares of the Company's common stock as of August 30, 2021.

34. With respect to Morgan Stanley's "*Premiums Paid Analysis*," the Proxy Statement fails to disclose the individual premiums paid in each transaction observed by Morgan Stanley in its analysis.

35. The valuation methods, underlying assumptions, and key inputs used by Morgan Stanley in rendering its purported fairness opinion must be fairly disclosed to Columbia shareholders. The description of Morgan Stanley's fairness opinion and analyses, however, fails

to include key inputs and assumptions underlying those analyses. Without the information described above, Columbia shareholders are unable to fully understand Morgan Stanley's fairness opinion and analyses, and are thus unable to determine how much weight, if any, to place on them in determining whether to vote for or against the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

**COUNT I**
**For Violations of Section 14(a) and Rule 14a-9 Promulgated Thereunder**
**Against All Defendants**

36. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

37. During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder by the SEC.

38. Each of the Individual Defendants, by virtue of his/her positions within the Company as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a) of the Exchange Act. Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Proxy Statement with respect to the Proposed Transaction. The Defendants were, at minimum, negligent in filing the materially false and misleading Proxy Statement.

39. The false and misleading statements and omissions in the Proxy Statement are material in that a reasonable shareholder would consider them important in deciding how to vote

on the Proposed Transaction.

40. By reason of the foregoing, Defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements and omissions in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II
### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43. The Individual Defendants acted as control persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their senior positions as officers and/or directors of the Company and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the false and misleading Proxy Statement.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Proxy Statement, and to correct promptly any public statements issued by the Company which were or had become materially false or misleading.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Individual Defendants were provided with or had unlimited access to copies of the Proxy Statement and had the ability to prevent the issuance of the statements or to cause the statements to be corrected. The Proxy Statement at issue contains the recommendation of the Individual Defendants to approve the Proposed Transaction. Thus, the Individual Defendants were directly involved in the making of the Proxy Statement.

46. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions which had input from the Individual Defendants.

47. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, the Company's shareholders will be irreparably harmed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until Defendants disclose and disseminate the material information identified above to Company shareholders;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Declaring that Defendants violated Sections 14(a) and 20(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

E. Granting such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: October 17, 2021

Respectfully submitted,

**HALPER SADEH LLP**

By: /s/ Daniel Sadeh
Daniel Sadeh, Esq.
Zachary Halper, Esq. (to be admitted *pro hac vice*)
667 Madison Avenue, 5th Floor
New York, NY 10065
Telephone: (212) 763-0060
Facsimile: (646) 776-2600
Email: sadeh@halpersadeh.com
zhalper@halpersadeh.com

*Counsel for Plaintiff*